# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

PAUL GAMBOA TAYLOR,

*Petitioner-Appellant,*

v.

DR. LAUREL R. HARRY,

*COMM'R OF PENNSYLVANIA DEPT. OF CORR.*, et al.*,

*Respondent-Appellee.*

---

On Appeal from the United States District Court
for the Middle District of Pennsylvania
No. 4:04–cv–00553-MWB-AP, Hon. Matthew W. Brann

---

## Supplemental Brief of Appellant

---

Sam Welch
Assistant Federal Defender
Federal Community Defender Office
    for the Eastern District of Pennsylvania
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Sam_Welch@fd.org

March 10, 2025

# TABLE OF CONTENTS

1.   Recent caselaw demonstrates why the Court should remand for a
     hearing on whether Mr. Taylor was diligent in his attempts to
     develop the state court record. ........................................................ 4

     a.   Factual Background ............................................................... 4

     b.   Recent caselaw regarding diligence, fault, and the
          introductory clause of § 2254(e)(2) ........................................ 6

     c.   Argument ............................................................................ 10

2.   Recent caselaw demonstrates why the Court should remand for a
     determination in the first instance as to whether the state court
     record does not already contain the evidence Mr. Taylor seeks to
     introduce. ....................................................................................... 14

# TABLE OF AUTHORITIES

## Federal Cases

*Almanza v. Shinn, No. CV152064PHXDLRJFM*, 2022 WL 19075187
(D. Ariz. Nov. 18, 2022) ...................................................... 6

*Brown v. Houser,* No. 3:22-CV-1301, 2024 WL 1333381 (M.D. Pa. Mar.
28, 2024) ...................................................................... 5

*Christeson v. Roper*, 574 U.S. 373 (2015) ................................. 6

*Frank Taylor v. Mason, CV 22-5054*, 2023 WL 10948219 (E.D. Pa. Nov.
1, 2023) ...................................................................... 10

*Gelsinger v. Superintendent Fayette SCI*, 2022 WL 3666228
(3d Cir. Aug. 25, 2022) ...................................................... 13

*Gill v. Sec'y, Florida Dep't of Corr.:18-CV-725-BJD-JBT*, 2022 WL
9348538
(M.D. Fla. Oct. 14, 2022) ................................................... 10

*Hasan v. Ishee, No. 1:03-CV-288*, 2024 WL 4844549 (S.D. Ohio Apr. 2,
2024) ...................................................................... 6, 7

*Lacombe v. Emig, CV 21-807-GBW*, 2024 WL 3328363 (D. Del. July 8,
2024) ...................................................................... 10

*Lacy v. Payne, No. 5:19-CV-95-DPM*, 2024 WL 3730260 (E.D. Ark. Aug.
8, 2024) ...................................................................... 7

*Lark v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 596 (3d Cir. 2011) .............. 5-6

*Lee v. Thornell*, 118 F.4th 944 (9th Cir. 2024) ............................ 6

*Maples v. Thomas*, 565 U.S. 266 (2012) .................................. 6

*Martinez v. Ryan*, 566 U.S. 1 (2012) .................................. 1, 5

*Rodney v. Garrett*, 2024 WL 4097461 (9th Cir. Sept. 6, 2024) .............. 7

*Shinn v. Ramirez*, 596 U.S. 366 (May 23, 2022) .......................... *passim*

*Shivers v. May*, CV 21-1502-RGA, 2023 WL 2186449 (D. Del. Feb. 23,
2023) ...................................................................... 10

*Smith v. Harry,* 1:19-CV-362, 2023 WL 2316188
(M.D. Pa. Mar. 1, 2023) ................................................... 5

*Taylor v. Horn*, 504 F.3d 416 (3d Cir. 2007) ............................ 8

*Trevino v. Thaler*, 569 U.S. 413 (2013) ................................................. 1

*United States v. Coles,* CR 05-440-01, 2024 WL 1286932
(E.D. Pa. Mar. 26, 2024) ................................................... 13

*Weber v. Erie Cnty.,* 23-CV-00167-SPB, 2024 WL 85514 (W.D. Pa. Jan.
8, 2024) ..................................................... 10

*Weekley v. Clark, CV 21-660*, 2023 WL 2745241 (W.D. Pa. Mar. 31,
2023) ...................................................... 5

Williams v. Superintendent Mahanoy SCI, 45 F.4th 713
(3d Cir. 2022) ........................................... 5

*Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) ...................................... 6

*Wunner v. Marsh,* 21-CV-1, 2023 WL 6609021
(M.D. Pa. Oct. 10, 2023) ................................................... 5

## Federal Statutes

28 U.S.C. § 2254 ........................................................ 1, 4, 10

## State Cases

*Commonwealth v. Gamboa-Taylor*, 562 Pa. 70 (2000) .......................... 8

*Commonwealth v. Small,* 238 A.3d 1267 (2020) ................................. 12

*Commonwealth v. Taylor*, 553 Pa. 144 (1998) ....................................... 8

*Commonwealth v. Taylor*, 67 A.3d 1245 (2013) ................................... 11

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

PAUL GAMBOA TAYLOR,

*Petitioner-Appellant,*

V.

DR. LAUREL R. HARRY,
*COMM'R OF PENNSYLVANIA DEPT. OF CORR.*, et al.,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Middle District of Pennsylvania
No. 4:04–cv–00553-MWB-AP, Hon. Matthew W. Brann

## Supplemental Brief of Appellant

Pursuant to the Court's order, Petitioner submits this supplemental brief to "address the impact of cases relevant to the issue presented in this case which were decided on or after June 15, 2022." Order Grant Mot. Suppl. Br., *Taylor v. Comm'r of Pa. Dep't of Corr., et al.*, No. 14-9005 (June 21, 2024), ECF No. 315.[1] Recent caselaw

---

[1] Unless otherwise indicated, all citations to ECF docket numbers refer to entries on the electronic docket in the above-captioned case, and all page numbers refer to the ECF-stamped page numbers appearing at the top of the document.

1

establishes that further factual development is necessary and that this Court should grant the request for a remand that Petitioner advanced in his original briefing. *See Initial Brief, Br., Taylor v. Comm'r of Pa. Dep't of Corr., et al.*, No. 14-9005 (Jan. 13, 2016) at 30.

In a previous submission, Petitioner explained why he should be granted relief pursuant to Rule 60(b) notwithstanding *Shinn v. Ramirez*, 596 U.S. 366 (May 23, 2022). *Shinn* holds that while post-conviction counsel's ineffectiveness may forgive a procedural default, *see Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. 413 (2013), it does not excuse a petitioner's separate failure to develop the facts supporting his underlying claim. *Shinn,* 596 U.S. at 386; 28 U.S.C. § 2254(e)(2).

Since *Shinn* was handed down, courts around the country have begun to explore the limits of 28 U.S.C. § 2254(e)(2)'s reach. Many have addressed the situations in which federal district courts may still hold evidentiary hearings despite *Shinn*'s interpretation of § 2254(e)(2). For example, before applying § 2254(e)(2), federal courts must first determine whether "the applicant" can be held responsible for the deficient state-court record in the first place, and nothing prevents a court from holding a hearing to determine the answer to that antecedent question. In

2

addition, in the wake of *Shinn*, the question of what constitutes the state court record has become a particularly important one. In this case, much of the evidence that Petitioner relies upon was introduced and developed during subsequent post-conviction proceedings; this Court should remand to allow the district court to determine in the first instance whether the evidence developed in that proceeding may be considered as part of the state court record. If so, Mr. Taylor wins on the merits outright.

That evidence is substantial. For more than twenty-five years, Mr. Taylor has worked tirelessly to present proof that he was incompetent during trial (and that his trial lawyers were ineffective for failing to pursue related claims). Both doctors who originally found him competent have since recanted. Two more have reviewed his records and concluded he was incompetent. These findings, *see* Electronic Appendix, *Taylor v. Comm'r of Pa. Dep't of Corr.*, No. 14-9005 (Jan. 13, 2016) (hereinafter "APP") at APP246–72, have never been considered by any court.

A remand for a hearing is necessary. At that hearing, the district court should determine whether the absence of the doctors' reports from the state court record is the fault of Mr. Taylor—a layperson suffering

from severe mental health problems who nonetheless endeavored to raise a competency-based claim from the witness stand in his initial *pro se* postconviction proceedings and who was at best abandoned (and at worst, thwarted) by a post-conviction lawyer whose actions (and inactions) signaled his belief the issue was meritless. If the district court determines that Mr. Taylor was not at fault, § 2254(e)(2) poses no bar to an evidentiary hearing regarding the substance of Mr. Taylor's underlying trial-counsel-ineffectiveness claim.

1. **Recent caselaw demonstrates why the Court should remand for a hearing on whether Mr. Taylor was diligent in his attempts to develop the state court record.**

a. **Factual Background**

Mr. Taylor's post-conviction counsel did little-to-nothing to help advance his client's claim. Despite access to reports that showed Mr. Taylor had been plagued by a demonic "multitude of voices with high pitch" on the night in question, *see, e.g.,* APP247, and that similar voices had continued to tell Mr. Taylor that he should kill himself for "about a month" thereafter while Mr. Taylor languished in the mental health unit of the prison, *see, e.g.*, APP250, post-conviction counsel made no attempt to pursue any competency-related claims. He included no competency-

related claim in his PCRA petition (choosing instead to advance claims that belied a thorough unfamiliarity with the record, such as a *Simmons* claim in a case that was tried to a judge—not a jury). APP119–20. Despite identifying more than twenty witnesses who might have provided testimony about Mr. Taylor's drug and alcohol abuse, childhood trauma, and prior mental health struggles—all of which would have borne on Mr. Taylor's competence at the time of trial—post-conviction counsel called none of them at the hearing. APP120–22; APP125–58.

Instead, post-conviction counsel forswore the claim entirely. Rather than so much as attempt to argue that his client was incompetent at the time of trial (or that trial counsel had been ineffective for failing to advance such a claim), post-conviction counsel left that work to his likely still mentally-ill client: "Would you please explain to the Court what instances of ineffectiveness you claim against Mr. Evanick?" APP128; Initial Brief, *Taylor v. Comm'r of Pa. Dep't of Corr.*, No. 14-9005 (Jan. 13, 2016) at 33. Mr. Taylor labored to articulate the legal and factual bases for his claim. *See id.* at 129 ("Ineffectiveness of Public Defender Evanick because my status and mental capabilities after – after the crime

5

that he should have took all authority and represented me and not let me – not let me say no to certain items he wanted to present like witnesses").

Post-conviction counsel called no other witnesses. The state called trial counsel as a witness and, during cross-examination, post-conviction counsel established that one of the doctor's reports had "indicated that there was no apparent defense to the charges," APP149, and that, although Mr. Taylor had told trial counsel about his cocaine use, "nothing that [Mr. Taylor] said about the cocaine use substantiated any defense relative to using that." APP150.

### b. Recent caselaw regarding diligence, fault, and the introductory clause of § 2254(e)(2)

*Shinn* relies on the "clear text" of 28 U.S.C. § 2254(e)(2), 596 U.S. at 387, which states that "[i]f *the applicant* has *failed to develop* the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim" unless certain requirements are met. 28 U.S.C. § 2254(e)(2) (emphases added). *Shinn* concludes that a petitioner cannot point to his counsel's negligence to demonstrate that he is not at fault for failing to develop the state court record (because an attorney's negligence is attributed to his or her client) even if that same negligence is sufficient to forgive procedural default under *Martinez,* 566

6

U.S. at 4. *See Shinn*, 596 U.S. at 383–85. *Shinn* implicitly relies on the agency concept of the attorney-client relationship. *See id.* at 383–87.[2]

In *Shinn*'s wake, courts have focused in on the concept of "fault" and the role it plays in the introductory clause of § 2254(e)(2). Recent decisions explain that—even after *Shinn*—a federal court can hold an evidentiary hearing on a claim so long as it first determines that the petitioner was not "at fault" for failing to develop the factual bases of that claim. *See, e.g., Wunner v. Marsh*, 3:21-CV-1, 2023 WL 6609021, at *10 (M.D. Pa. Oct. 10, 2023) ("if the factual basis of the claim was not developed but the petitioner was diligent in pursuing the claim in state court, the opening phrase of § 2254(e)(2) does not bar an evidentiary hearing."); *Brown v. Houser*, No. 3:22-CV-1301, 2024 WL 1333381, at *11 (M.D. Pa. Mar. 28, 2024) (same); *Smith v. Harry*, No. 1:19-CV-362, 2023 WL 2316188, at *11 (M.D. Pa. Mar. 1, 2023); *Weekley v. Clark*, CV 21-660, 2023 WL 2745241, at *13 (W.D. Pa. Mar. 31, 2023) ("If Petitioner

---

[2] In *Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713 (3d Cir. 2022), this Court also acknowledged *Shinn*'s holding while nonetheless reaffirming that, as a general matter, "AEDPA's text does not forbid federal courts from developing the facts needed to excuse a procedural default." *Williams*, 45 F.4th at 723 (citing *Cristin v. Brennan*, 281 F.3d 404, 413 (3d Cir. 2002)).

shows sufficient diligence in attempting to develop the record in state court as to the discovery requested in this proceeding, then Section 2254(e)(2) imposes no limitation on this Court's ability to review the results of that discovery, or to conduct an evidentiary hearing."). *See also Lark v. Sec'y Pa. Dep't of Corr.,* 645 F.3d 596, 614 (3d Cir. 2011) ("there is a separate fault requirement in the opening clause of section 2254(e)(2) which asks whether the petitioner adequately and diligently pursued the factual basis of his claim in state court," and "if the petitioner is not 'at fault,' the court may exercise its discretion to grant an evidentiary hearing"); *Wilson v. Beard*, 426 F.3d 653, 665 (3d Cir. 2005) ("If a petitioner requests a hearing to develop the record on a claim in state court, and if the state courts ... deny that request on the basis of an inadequate state ground, the petitioner has not failed to develop the factual basis of [the] claim in State court proceedings for purposes of § 2254(e)(2).").

Applying decisions like *Maples v. Thomas,* 565 U.S. 266 (2012), and *Christeson v. Roper*, 574 U.S. 373 (2015), post-*Shinn* courts have considered agency concepts to determine whether to impute the attorney's (agent's) negligence to their client (principal), or whether there

was a severing of that agency relationship that rendered the petitioner not at fault for the lawyer's failures. *See, e.g., Lee v. Thornell,* 118 F.4th 944, 956 (9th Cir. 2024) (assuming, for sake of argument, that a petitioner does not fail to develop the state court record when their attorney abandons them); *Almanza v. Shinn*, No. CV152064PHXDLRJFM, 2022 WL 19075187, at *7 (D. Ariz. Nov. 18, 2022), *report and recommendation rejected,* No. CV-15-2064-PHX-DLR, 2023 WL 2549499 (D. Ariz. Mar. 16, 2023) (same); *Hasan v. Ishee*, No. 1:03-CV-288, 2024 WL 4844549, at *2-*3 (S.D. Ohio Apr. 2, 2024) (overruling respondents' objections to magistrate's determination that post-conviction counsel's conflict of interest severed the agency relationship between the petitioner and lawyer and permitting a federal evidentiary hearing on Petitioner's claims).

In addition, courts have looked to the petitioner's personal efforts to develop his claim and have asked whether those efforts were reasonably diligent. *See, e.g., Rodney v. Garrett*, 23-15624, 2024 WL 4097461, at *6 (9th Cir. Sept. 6, 2024) ("By requesting the appointment of counsel and arguing that counsel was necessary for purposes of investigation and discovery, Rodney did all that he could to develop the

evidentiary bases of his IAC claims in state court. Accordingly, he did not fail to develop the state-court record within the meaning of § 2254(e)(2)"); *Hasan*, 2024 WL 4844549 at *5 (denying claim on other grounds but expressing skepticism that there is "a hard and fast rule that a habeas petitioner's diligence could never overcome his attorney's fault for purposes of the opening clause of § 2254(e)(2)").

As these cases demonstrate, nothing in *Shinn* prevents a federal court from holding a hearing to determine, in the first instance, whether the petitioner is at fault for the undeveloped state court record. *See, e.g.,* Decision and Order, *Hasan v. Ishee,* Case No. 1:03-cv-288, ECF No. 306 (Oct. 2, 2023) at 6 n.3 (attached hereto as Exhibit A); *Lacy v. Payne,* No. 5:19-CV-95-DPM, 2024 WL 3730260, at *2 (E.D. Ark. Aug. 8, 2024) (*Shinn* "did not address the appropriateness of evidentiary hearings on the petitioner's purported failure to develop the state court record") (citing *Black v. Falkenrath*, 93 F.4th 1107, 1109 (8th Cir. 2024)).

### c.   Argument

Recent caselaw lends support to Mr. Taylor's request for a remand. As Mr. Taylor argued in his Initial Brief*, Taylor v. Comm'r of Pa. Dep't of Corr.*, No. 14-9005 (Jan. 13, 2016) at 33, Mr. Taylor's post-conviction

counsel severed the agent-principal relationship when he failed across the board to litigate the claim in question and left Mr. Taylor to do it himself instead. Post-conviction counsel omitted the claim from his briefing, made no attempt to articulate it at the hearing, and—at most— attempted to wash his hands of it completely. On remand, the district court should hold a hearing to further develop the factual bases underlying Mr. Taylor's claim that he was abandoned.

In addition, the Court should remand this case for a hearing to determine whether post-conviction counsel's actions veered into sabotage. Evidence in the record suggests that counsel not only abdicated Mr. Taylor's claim but worked to affirmatively undermine it. In a move instantly familiar to many practicing defense attorneys, rather than argue the claim himself, post-conviction counsel placed Mr. Taylor on the stand and asked his client to explain the claim to the court. The effect— and possibly the point—of this maneuver was to signal to the judge that Mr. Taylor's claim was so baseless that post-conviction counsel could not in good faith advance or endorse it. Later, post-conviction counsel used his cross-examination of trial counsel to further undermine Mr. Taylor's claim by eliciting additional reasons trial counsel had to doubt Mr.

Taylor's incompetence. Despite his lawyer's subversion, Mr. Taylor managed something close to an articulation of his claim—but from the witness stand where, as a witness and not a lawyer, he was unable to elicit testimony, submit exhibits, or take any other meaningful steps to develop a record.[3]

Further, this recent caselaw establishes that Mr. Taylor's mental health deficits are also relevant to an assessment of his diligence. At a hearing on remand, Mr. Taylor should be permitted to introduce evidence

---

[3] Much of the procedural complexity in this case flows from the battle that played out between client and lawyer during the initial post-conviction proceedings. Ever since, courts have struggled to determine whether certain claims were raised at all during the initial post-conviction proceedings, *see, e.g.*, *Com. v. Taylor*, 553 Pa. 144, 149 (1998) (finding that a substantive competency claim was "[w]oven into" Mr. Taylor's ineffectiveness claim); *Com. v. Gamboa-Taylor*, 562 Pa. 70, 83 n.8 (2000) ("the issue of whether Appellant was competent at trial has been litigated"), and, in turn, which competency-related claims were procedurally defaulted. *See, e.g., Taylor v. Horn*, 504 F.3d 416, 436 (3d Cir. 2007) ("the problem with an argument based on *Wilson* [*v. Beard,* 426 F.3d 653 (3d Cir. 2005)] is that Taylor's competency claim had been fully litigated well before he sought to have the second PCRA court consider his new evidence"). *See also id.* at 436, n.16 ("is clear from [*Com. v. Gamboa-Taylor,* 562 Pa. 70 (2000)] … that the Supreme Court considered the issue of competency precluded, based on its general observation, independent from the untimeliness of the second PCRA petition, that 'the issue of whether Appellant was competent at trial has been litigated.'").

that, at the time of his first post-conviction proceedings, he continued to suffer from some of the same mental defects that plagued him during trial. Mr. Taylor has already adduced compelling evidence of his long-standing mental illness, symptoms of which include impulsivity, suicidal behavior, paranoid ideation, and psychosis. Electronic Brief, *Taylor v. Commissioner of Pennsylvania Department of Corrections et al.*, No. 14-9005 (Jan. 13, 2016). At a hearing on remand, Mr. Taylor should be permitted to establish that long-standing mental incapacities still affected him during the post-conviction hearing, and that this illness contributed to his failure to develop the record. As courts have continued to recognize, mental incompetence is a factor in assessing diligence. *Frank Taylor v. Mason*, CV 22-5054, 2023 WL 10948219, at *3 (E.D. Pa. Nov. 1, 2023) (question is whether "the alleged mental incompetence … affected the petitioner's [ability to comply with procedural requirements]") (citing *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001)), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002); *Weber v. Erie Cnty.*, 1:23-CV-00167-SPB, 2024 WL 85514, at *1 (W.D. Pa. Jan. 8, 2024) (same); *Shivers v. May*, CV 21-1502-RGA, 2023 WL 2186449, at *3 (D. Del. Feb. 23, 2023) (same); *Lacombe v. Emig*, CV

21-807-GBW, 2024 WL 3328363, at *6 (D. Del. July 8, 2024) ("[C]ourts must consider the totality of the circumstances in determining whether the record supports the petitioner's claim that he had no period of sufficiently good health ... during which he could have pursued a federal habeas petition") (quoting *Wallace v. Mahanoy*, 2 F.4th 133, 144 (3d Cir. 2021)); *Gill v. Sec'y, Florida Dep't of Corr.*, 3:18-CV-725-BJD-JBT, 2022 WL 9348538, at *9 (M.D. Fla. Oct. 14, 2022) ("Petitioner has shown that his mental illness and brain defect prevented him from following through in litigation in a sustained way.").

As recent caselaw makes clear, the antecedent question of whether Mr. Taylor was at fault for the deficient state court record has become more important after *Shinn*. The Court should remand for a hearing to determine whether, on these facts, Mr. Taylor can be said to have "failed to develop the factual bases of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2).

**2.    Recent caselaw demonstrates why the Court should remand for a determination in the first instance as to whether the state court record does not already contain the evidence Mr. Taylor seeks to introduce.**

The matter should also be remanded for a determination in the first instance as to whether Mr. Taylor's claims can be sustained on the basis

of the existing state court record. Because post-*Martinez*, pre-*Shinn* law did not necessarily bar the factual development of defaulted claims in federal court (provided that cause and prejudice could be proven), it was not necessary for the district court to consider whether the state court record already included the evidence Mr. Taylor seeks to introduce. That evidence, as it turns out, was developed in a subsequent state-law post-conviction claim. The case should be remanded so that, guided by principles of comity, the district court can consider this expanded record. *Shinn,* 596 U.S. at 382 ("the decision to permit new evidence must be informed by principles of comity and finality").

The state courts had an opportunity to consider the evidence that demonstrates trial counsel's ineffectiveness during a state court hearing that post-dated Mr. Taylor's initial round of post-conviction litigation. In his third state-court post-conviction petition, Mr. Taylor alleged that his trial counsel had simultaneously represented a close relative of the deceased in an unrelated criminal matter. *See Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (2013). Before dismissing the claim as untimely, the trial court allowed Mr. Taylor to demonstrate how the conflict had adversely affected his lawyer's representation—a task Mr. Taylor

15

accomplished by introducing much of the same as-yet-unconsidered evidence at issue in this case, including the new opinions of Drs. Dudley and Blair and the recanted opinions of Drs. Sadoff and Briercheck. *See* Opinion Pursuant to Rule of Appellate Procedure 1925, *Commonwealth v. Taylor*, Case No. CR 1762-1991 (May 18, 2009). The trial court denied the claim and Pennsylvania Supreme Court affirmed, reasoning that the claim was untimely because the evidence needed to prove the conflict had been present in the public record for many years. *Commonwealth v. Taylor*, 67 A.3d 1245 (2013). Seven years later, the Pennsylvania Supreme Court overruled the public-records exception that it relied on to deny Mr. Taylor's claim. *Commonwealth v. Small*, 238 A.3d 1267 (2020) ("we disavow the public record presumption").

The Pennsylvania courts have had a chance to consider the evidence in question. They conducted a full hearing in which Mr. Taylor's doctors delivered essentially the same testimony they would have provided if they had been allowed to testify in support of Mr. Taylor's underlying ineffective-assistance-of-trial-counsel claims. It is rare that the factual predicate for a claim has been presented to the state court despite that claim having been found to be procedurally defaulted, and

rarer still that it has been presented to the state court in support of a legal argument that is materially indistinguishable from the one that undergirded the procedurally defaulted claim; proof that a conflict-of-interest negatively affected trial counsel's performance is relevantly similar to proof that trial counsel's ineffectiveness prejudiced the outcome of the proceedings. Given that *Shinn* retains *Martinez*'s holding, *see Shinn,* 596 U.S. at 388, and preserves arguments that procedurally defaulted claims can still be proven on the basis of the state court record alone, this Court should remand to the district court for an interpretation, in the first instance, of whether the state court record should be interpreted broadly to include the testimony and other evidence presented to the state court in Mr. Taylor's third post-conviction proceedings.

Remand is appropriate whenever the district court's analysis fails to explore whether the merits of the claim can be sustained upon a properly expanded record. *Gelsinger v. Superintendent Fayette SCI*, 21-2844, 2022 WL 3666228, at *3 (3d Cir. Aug. 25, 2022) ("Here, as in *Shinn*, the District Court erred by considering evidence it was not authorized to admit, let alone consider, in its determination that Gelsinger's IAC

claims were meritorious. We will therefore vacate and remand for the District Court to reconsider whether Gelsinger is entitled to habeas relief based on the state court record, and if so, then to consider whether his procedural default is excused under *Martinez*.") At a hearing on remand, Mr. Taylor should be given the opportunity to demonstrate that the state-court record, properly defined to include the evidence adduced in his third post-conviction petition, is sufficient to support his underlying ineffectiveness claims. *United States v. Coles*, CR 05-440-01, 2024 WL 1286932, at *15 (E.D. Pa. Mar. 26, 2024) (expanding the record in part to include documents related to the claims in issue).

Respectfully submitted,

Sam Welch
Sam Welch
Assistant Federal Defender
Federal Community Defender Office
    for the Eastern District of Pennsylvania
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Sam_Welch@fd.org

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2025, the foregoing document has been served electronically by the Court's electronic transmission equipment upon the following person:

William R. Stoycos, Esquire
Senior Deputy Attorney General
Appeals and Legal Services Section
16th Floor - Strawberry Square
Harrisburg, PA 17120


/s/ Sam Welch
Sam Welch

# CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this supplemental brief complies with the type-volume limitations of this Court's June 21, 2024 Order, ECF No. 315 (imposing a 7,500-word limit) because it contains 3,621 words. This supplemental brief was prepared using Microsoft Word for Office 365 software and, in making this certification, I have relied upon that software's word-count feature. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced, serif typeface (Century Schoolbook) in 14-point size. It complies with the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been set in plain, roman style. I also hereby certify that, pursuant to L.A.R. 31.0(c), a virus detection program (Apex One Security Agent, version 19.947.00) has been run on the file that contains this supplemental brief and that no virus was detected.

/s/ Sam Welch
Sam Welch