# FEDERAL COMMUNITY DEFENDER OFFICE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DEFENDER ASSOCIATION OF PHILADELPHIA
### FEDERAL COURT DIVISION
#### CAPITAL HABEAS UNIT

**LISA EVANS LEWIS**
Chief Federal Defender

The Curtis - Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
Phone: 215.928.0520
Fax: 215.928.0826

**JENNIFER CHICCARINO**
First Assistant

April 17, 2025

Patricia S. Dodszuweit, Clerk
United States Court of Appeals for the Third Circuit
United States Courthouse
601 Market Street
Philadelphia, PA

Re: *Taylor v. Comm'r of Pa. Dep't of Corr., et al.*
Case No. 14-9005
Letter Pursuant to Fed. R. App. P. 28(j)

Dear Ms. Dodszuweit:

In *Moses v. Dist. Att'y Philadelphia*, No. 23-1403, 2025 WL 980310 (3d Cir. Apr. 2, 2025), this Court forgave the default of a claim under *Martinez v. Ryan*, 566 U.S. 1 (2012), because court-appointed counsel abandoned his client "midstream." *Id.* at *1. Mr. Moses filed a pro se PCRA petition and was appointed counsel, but after counsel failed to respond to a court order, Mr. Moses returned to representing himself. *Id.* at *2. Neither he nor his lawyer raised a promising sentencing calculation claim, but this Court nonetheless forgave the procedural default, finding that any "prisoner who proceeds pro se in an initial-review collateral proceeding" may invoke *Martinez*, "at least when his lawyer abandons him." *Id.* at *4. That "principle flows naturally from *Martinez*'s core rule: that habeas petitioners must have at least one *meaningful* opportunity

to present their 'meritorious ineffective-assistance-of-[trial]-counsel claims.'" *Id.* at \*5 (emphasis in original).

This case is even more compelling. Unlike Mr. Moses, Mr. Taylor identified his trial attorney's failure to assert incompetency and attempted to make the claim known to the court. His appointed (and arguably conflicted) lawyer, however, "effectively abandon[ed]" him by not only failing to advance law and introduce evidence in support of the claim, but by disloyally signaling to the judge that the claim was baseless. If Mr. Moses's deficient "pro se postconviction filings" did not affect his "entitlement to invoke" the equitable rule from *Martinez* in light of his attorney's abandonment, *id.*, then Mr. Taylor's efforts to raise his claims pro se should not, either.

Further, if such a pro se petitioner may claim the benefit of *Martinez* in federal proceedings, that petitioner should also not be held to account for his attorney's failures under 28 U.S.C. § 2254(e)(2), which asks whether the "applicant . . . failed to develop the factual basis of a claim." *Id*. If the applicant attempts to raise a claim and is foiled by his lawyer's abandonment, the "applicant" did not "fail[]" to develop the state court record; he did what he could until his lawyer deserted him "midstream." *Moses*, 2025 WL 980310, at \*1.

Respectfully submitted,

/s/ Sam Welch
Sam Welch
Federal Community Defender Office
for the Eastern District of
Pennsylvania - Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Sam_welch@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2025, the foregoing

document has been served electronically by the Court's electronic

transmission equipment upon the following person:

> William R. Stoycos, Esquire
> Senior Deputy Attorney General
> Appeals and Legal Services Section
> 16th Floor - Strawberry Square
> Harrisburg, PA 17120

> /s/ Sam Welch
> Sam Welch